IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LORENZO RAINER, )
)
       Petitioner, )
)
v. ) Civil Action No. 2:14cv1136-WKW
) (WO)
UNITED STATES OF AMERICA, )
)
       Respondent. )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is *pro se* petitioner Lorenzo Rainer's ("Rainer") motion seeking relief under 28 U.S.C. § 2255. Civil Action No. 2:14cv1136-WKW, Doc. No. 1.[1]

### I. BACKGROUND

#### Trial and Direct Appeal

In April 2008, a jury found Rainer guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). *United States v. Rainer*, Case No. 2:07cr151-MEF. At sentencing in July 2009, the district court decided that Rainer qualified for an enhanced sentence under the Armed Career Criminal Act ("ACCA")[2] and sentenced him to 210 months in prison and five years of supervised release. *Id.*, Doc. No. 112.

---

[1] Document numbers ("Doc. No.") are those assigned by the clerk of court in the criminal and civil cases referenced. Page references are those assigned by CM/ECF.

[2] The ACCA, 18 U.S.C. § 924(e)(1), mandates a sentence of not less than 15 years and up to life in prison for a defendant convicted under 18 U.S.C. § 922(g) who has three previous convictions for violent felonies or serious drug offenses.

Rainer appealed, arguing that the district court erred in determining that his prior Alabama convictions for third degree burglary qualified as violent felonies for purposes of the ACCA.[3] On August 31, 2010, the Eleventh Circuit issued an opinion rejecting Rainer's arguments and affirming his conviction and sentence. *United States v. Rainer*, 616 F.3d 1212 (11th Cir. 2010).

### Rainer's First § 2255 Motion in this Court

In June 2011, Rainer filed a motion for relief under 28 U.S.C. § 2255. Civil Action No. 2:11cv414-MEF, Doc. No. 2. In that motion, as twice amended, Rainer asserted the following:

1. The indictment was defective because it violated Rules 6(f), 7(c)(1) & 7(c)(2) of the Federal Rules of Criminal Procedure, resulting in a denial of due process.

2. The Assistant United States Attorney committed prosecutorial misconduct, resulting in a denial of due process.

3. The Presentence Investigation Report violated his due process rights under Fed.R.Crim.P. 32(c) to have his sentence determined based on accurate information.

4. The trial court "committed plain errors" under Fed.R.Crim.P. 52, resulting in a denial of due process and equal protection.

5. Trial counsel and appellate counsel were ineffective, resulting in a denial of due process and equal protection.

6. He was denied due process when the district court did not instruct the jury to not discuss the case via electronic means and to avoid accessing information about the case from any outside source, "including dictionaries, reference books, or anything on the internet," and his counsel rendered ineffective assistance by not objecting to the court's failure to give such instructions.

7. His counsel was ineffective for failing to move for a judgment of acquittal.

8. His counsel "tricked" him into not testifying, resulting in a denial of due process.

---

[3] Two of the three earlier convictions that were used to qualify Rainer as an armed career criminal were Alabama convictions for third-degree burglary, Ala. Code 1975 § 13A-7-7.

2

9. His counsel was ineffective for failing to move to suppress the evidence.

*Id.,* Doc. Nos. 2, 16, and 16-1.

In a 20-page Report and Recommendation ("R&R") entered on May 22, 2013, the magistrate judge concluded that Rainer was entitled to no relief on any of his claims and recommended that his § 2255 motion be denied without an evidentiary hearing. *Id.*, Doc. No. 37.

On August 14, 2013, District Judge Mark E. Fuller overruled Rainer's objections to the R&R, adopted the R&R, and denied Rainer's § 2255 motion.[4] *Id.,* Doc. No. 51. On that same date, Judge Fuller entered final judgment in accordance with his order denying the § 2255 motion. *Id.,* Doc. No. 52.

Rainer appealed the judgment denying his § 2255 motion, and on March 25, 2014, the Eleventh Circuit denied his motion for certificate of appealability, finding he failed to make the requisite showing of debatable merit. *Id.,* Doc. No. 57.

## **Rainer's Second § 2255 Motion in this Court**

On June 18, 2014, Rainer filed a second motion for relief under § 2255, this time arguing that, in light of the Supreme Court's recent holding in *Descamps v. United States*, 133 S.Ct. 2276 (2013), which issued on June 20, 2013, his prior Alabama burglary convictions no longer qualified as violent felonies under the ACCA and that, consequently, he was entitled to be resentenced without application of the ACCA.[5] Civil Action No. 2:14cv624-WHA, Doc. No. 1.

---

[4] Judge Fuller also presided over Rainer's trial and July 2009 sentencing.

[5] In *Descamps*, the Supreme Court held that sentencing courts may not apply the modified categorical approach to determine if a prior conviction is a violent felony under the ACCA when the statute defining the crime of conviction has a "single, indivisible set of elements." 133 S.Ct. at 2281–82.

3

On January 1, 2015, the magistrate judge entered an R&R finding Rainer's motion to be a successive § 2255 motion filed without the appellate court pre-certification required under 28 U.S.C. § 2244(b)(3)(A). *Id.*, Doc. No. 5. Accordingly, the judge recommended that the motion be summarily dismissed. *Id.* On January 28, 2015, District Judge W. Harold Albritton entered an order adopting the R&R and a final judgment dismissing Rainer's successive § 2255 motion. *Id.*, Doc. Nos. 9 and 10.

**Rainer's Habeas Petition Under 28 U.S.C. § 2241 in the Northern District of Georgia**

In April 2014, Rainer filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Northern District of Georgia,[6] the district of his incarceration, invoking the saving clause in 28 U.S.C. § 2255(e) and seeking relief from the 210-month sentence imposed by this court in Case No. 2:07cr151-MEF.[7] *See* Civil Action No. 1:14cv1069-SCJ (N.D. Ga), Doc. No. 1. In his § 2241 petition, Rainer argued that the ACCA

---

[6] Litigation under § 2241 must be brought in the district with jurisdiction over the prisoner's current custodian. *See* 28 U.S.C. § 2241(d); *Rumsfeld v. Padilla*, 542 U.S. 426 (2004). Rainer filed the § 2241 petition in the Georgia district court shortly after the Eleventh Circuit denied his motion for certificate of appealability on this court's judgment denying his first § 2255 motion.

[7] Under the "saving clause" in § 2255(e), a federal prisoner may file a § 2241 petition if an otherwise available remedy under § 2255 is "inadequate or ineffective" to test the legality of his detention. Specifically, § 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (saving clause emphasized). Rainer claimed that in light of *Descamps*, he was actually innocent of his ACCA sentence and that remedy by § 2255 motion was inadequate or ineffective to test the legality of his ACCA sentence, as he had filed a § 2255 motion in this court before the Supreme Court decided *Descamps*. Civil Action No. 1:14cv1069-SCJ (N.D. Ga), Doc. 1-1 at 1–2.

sentence imposed by this court was unlawful because, after the Supreme Court's decision in *Descamps*, his prior Alabama burglary convictions were longer qualifying violent felonies for purposes of the ACCA. *Id*.

On July 1, 2014, after a concession by the Government (*id*., Doc. No. 7), the Georgia magistrate judge recommended that Rainer's § 2241 petition be granted and that Rainer be resentenced—without application of the ACCA—to 120 months in prison, the maximum statutory sentence for a § 922(g) conviction without ACCA enhancement. *Id.*, Doc. No. 10. In recommending the sentence of 120 months, the magistrate judge cited the Eleventh Circuit's holding in *Bryant v. Warden*, 783 F.3d 1253 (2013), which provided the remedy in § 2241 cases where a change in law is found to invalidate an ACCA sentence:

> [A]ll that is required to correct that statutory error is a reduction to the statutory maximum of 10 years by the district court where the defendant is incarcerated. There is no need for the § 2241 court or the sentencing court to hold a resentencing hearing or to further determine the appropriate sentencing range within the statutory maximum penalty.

783 F.3d at 1288 (internal citations omitted).[8]

On October 1, 2014, the District Court for the Northern District of Georgia entered an order adopting the magistrate judge's recommendation and granting Rainer's § 2241 petition. *Id.,* Doc. No. 13. In its order and final judgment, entered the same date, the Georgia district court modified this court's judgment in Rainer's criminal case to provide that Rainer's sentence was reduced to a term of 120 months in prison. *Id.*, Doc. Nos. 13 and 14. The Georgia district court's order and final judgment did not mention the term of supervised release for Rainer's new sentence.

### **Rainer's Instant Motion for Relief**

---

[8] Recently, in *McCarthan v. Director of Goodwill Industries-Suncoast, Inc.*, No. 12-14989 (11th Cir. Mar. 14, 2017) (en banc), the Eleventh Circuit overruled *Bryant* on grounds not relevant to Rainer's pending motion.

5

On November 3, 2014, Rainer filed the instant motion seeking relief under 28 U.S.C. § 2255. Civil Action No. 2:14cv1136-WKW, Doc. No. 1. He presents two claims:

1. United States District Judge Mark E. Fuller should have disqualified himself from considering and ruling on his first § 2255 motion in 2013 because Judge Fuller was allegedly under the influence of drugs during the proceedings on that § 2255 motion.

2. His five-year term of supervised release should be reduced to three years, which is the statutory maximum allowed after his sentence was reduced to 120 months in prison by United States District Court for the Northern District of Georgia.

Doc. No. 1 at 4–5; Doc. No. 1-1 at 1–2; *see* Doc. No. 7 at 1–4.

Rainer's claims are discussed below.

## II. DISCUSSION

### A. Judge Fuller's Ruling on Rainer's First § 2255 Motion

Rainer claims that United States District Judge Mark E. Fuller should have disqualified himself from considering and ruling on his first § 2255 motion because, he alleges, Judge Fuller was under the influence of drugs during the proceedings on that motion. Doc. No. 1 at 4; Doc. No. 1-1 at 1–2; Doc. No. 7 at 3–4.

Rainer's claim regarding Judge Fuller does not challenge his underlying conviction and sentence in Case No. 2:07cr151-MEF; instead, it attacks the integrity of the district court proceedings on his § 2255 motion filed in June 2011 and denied in August 2013 in Civil Action No. 2:11cv414-MEF. If Rainer's allegations are found to entitle him to relief, the only remedy he could obtain would be the reopening of the prior § 2255 proceedings, not the vacatur of his conviction or sentence. Nor would a finding that Rainer is entitled to relief on his instant claim establish—or even imply—that the district court's (i.e., Judge Fuller's) resolution of any specific

6

claim in his prior § 2255 was erroneous. Instead, Rainer's claim regarding Judge Fuller constitutes an attack on *the manner in which* the earlier habeas judgment was procured.

A federal court is not bound by the label a *pro se* litigant attaches to a motion and may determine the substance of a filing and treat it accordingly, notwithstanding what the prisoner may call it. *United States v. Stossel*, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003). Challenges to the integrity of habeas proceedings, as opposed to attacks on criminal convictions and sentences, are properly brought under Rule 60 of the Federal Rules of Civil Procedure. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 & n.5 (2005) (recognizing that a "defect in the integrity of the federal habeas proceedings," such as "fraud on the habeas court," might justify reopening a habeas petition under Rule 60(b)); *In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014). Because Rainer's claim regarding Judge Fuller attacks the manner in which the earlier habeas judgment was procured, this court construes Rainer's claim to be one seeking relief from judgment under Rule 60 of the Federal Rules of Civil Procedure. *See, e.g., Kostich v. McCollum*, 647 Fed. App'x 887, 889 (10th Cir. 2016) (claim that judicial bias tainted habeas decision challenged the integrity of the federal habeas proceedings and thus was properly considered as a claim under Rule 60(b)).

Rule 60 allows a party to seek relief from a final judgment in a habeas case, and request reopening of the case, under a limited set of circumstances. *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007). Under Rule 60(b), a motion for relief from judgment can be granted for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b).[9]

Here, Rainer alleges that Judge Fuller was under the influence of drugs that "altered [his] mind" when he considered and ruled on Rainer's first § 2255 motion. Doc. No. 1 at 1. Rainer suggests that, under the circumstances, Judge Fuller's failure to disqualify himself from the proceedings on his § 2255 motion undermined the integrity of those proceedings and invalidates the judgment denying the § 2255 motion. According to Rainer, Judge Fuller should have recused himself under 28 U.S.C. § 455(a). *See* Doc. No. 1-1 at 2. That statute provides that a judge should disqualify himself from any proceeding in which his impartiality "might reasonably be questioned."

> As the Government observes in addressing Rainer's claim:
>
> [Rainer] has not pled any facts that even hint at the fact that Judge Fuller may have been under the influence of any drugs at the time he considered [the magistrate judge's] recommendation, reached his decision, and entered his order. Nor has he alleged how some allegation about behavior outside of this judicial proceeding prejudiced Judge Fuller against him in this case or resulted in him not receiving a fair hearing, and he cannot. In light of the fact that Judge Fuller adopted the reasoned decision of this magistrate judge in reaching his decision and adopted its findings, Rainer would be hard pressed to demonstrate he had been denied any rights. Because he has failed to demonstrate his proceeding was affected, his claim should be dismissed as without any merit.

Doc. No. 5 at 13.

Relief under Rule 60(b) is a remedy available only in extraordinary circumstances, and a party seeking relief under the rule bears a high burden. *See, e.g., Gonzalez*, 545 U.S. at 535; *Saunders v. United States*, 380 Fed. App'x 959, 964 (11th Cir. 2010); *Santa v. United States*, 492 Fed. App'x 949, 951 (11th Cir. 2012). Rainer's unsubstantiated and conclusory allegations

---

[9] Federal Rule of Civil Procedure 60(d) authorizes a court to entertain an independent action to relieve a party from a judgment and to set a judgment procured through fraud on the court. *See* Fed.R.Civ.P. 60(d)(1), (3).

regarding Judge Fuller are unsupported by any evidence of record. Further, Rainer points to no evidence of partiality or bias by Judge Fuller, either stemming from alleged drug use or from any other alleged circumstances. Consequently, Rainer makes no showing of extraordinary circumstances sufficient to justify reopening the judgment on his first § 2255 motion.[10] Thus, to the extent he challenges the integrity of the earlier § 2255 proceeding, his claim seeking Rule 60(b)-type relief is due to be denied.

**B. Term of Supervised Release**

Rainer also claims that his five-year term of supervised release, which this court imposed upon his original 210-month sentence in 2009, should be reduced to three years, which is the statutory maximum allowed for the reduced sentence of 120 months imposed by the United States District Court for the Northern District of Georgia. Doc. No. 1 at 5; Doc. No. 1-1 at 2; Doc. No. 7 at 1–4. Because this claim concerns the sentence imposed for Rainer's conviction, it is properly asserted in a § 2255 motion.

For purposes of imposing a term of supervised release, the maximum term of imprisonment determines the maximum term of supervised release. *See* 18 U.S.C. §§ 3559(a), 3583. When this court sentenced Rainer under the ACCA in 2009, he was, as a result, subject to a statutory minimum sentence of 180 months and a maximum of life imprisonment for his conviction. *See* 18 U.S.C. § 924(e)(1). A crime punishable by a life sentence is a Class A felony with a maximum supervised-release term of five years. *See* 18 U.S.C. §§ 3559(a)(1), 3583(b)(1). When the United

---

[10] Rule 60(c)(1) provides that a motion for relief under Rule 60(b) must be filed "within a reasonable time" and, for reasons (1), (2), and (3) in Rule 60(b), no more than a year after the entry of the judgment or order or the date of the proceeding being challenged. Fed.R.Civ.P. 60(c)(1); *see also, e.g., Ferguson v. United States*, 383 Fed. App'x 851, 852 (11th Cir. 2010). Rainer bases his claim on matters that, if true, were discoverable no more than six months before he filed his instant motion. Under the circumstances, this court pretermits discussion of whether his claim his timely under Rule 60(c)(1).

States District Court for the Northern District of Georgia granted Rainer's § 2241 petition in October 2014, it overturned his sentence as an armed career criminal and resentenced him to 120 months' (10 years) imprisonment, based on the maximum statutory sentence for a § 922(g) conviction without ACCA enhancement. *See* 18 U.S.C. § 924(a)(2). Because Rainer's statutory maximum sentence under § 922(g) was 10 years, his conviction became a Class C felony. *See* 18 U.S.C. § 3559(a)(3). Under 18 U.S.C. § 3583(b)(2), a Class C felony is subject to not more than three years of supervised release. Consequently, Rainer is correct in arguing that he is entitled to have his five-year term of supervised release reduced to three years.

Rainer is not in custody under this court's 2009 judgment, but instead is in custody under an intervening judgment – i.e., the October 1, 2014 judgment of the District Court for the Northern District of Georgia reducing his sentence to a term of 120 months in prison. *See Magwood v. Patterson*, 561 U.S. 320, 336–42 (2010) (where a petitioner has been resentenced, the original conviction and new sentence coalesce to become a new "judgment" for purposes of subsequent habeas challenges). Thus, Rainer's claim regarding his supervised-release term is directed to the Georgia district court's judgment, which, as noted above, does not specifically mention the term of supervised release for his new sentence. This court, however, does not have jurisdiction to consider Rainer's claim regarding his supervised-release term because Rainer is in custody under the Georgia district court's judgment.

Under 28 U.S.C. § 1631, a court that finds it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought when it was filed. Under the circumstances, this court believes it would be in the interest of justice to transfer this case to the United States District Court for the Northern

District of Georgia under § 1631 for consideration and ruling on Rainer's § 2255 claim that his term of supervised release should be reduced to three years.

The undersigned recognizes that the question of which court has jurisdiction to rule upon Rainer's claim challenging his term of supervised release is made problematic by the fact that Rainer was convicted under a jury verdict in this court but is currently in custody under a sentence imposed by the Georgia district court. The jurisdictional question is rendered even more complicated in light of the procedural tangle and practical uncertainties that stem from the interaction of the Supreme Court's holding in *Magwood, supra* (which concerns the parameters of what constitutes a "judgment" for purposes of a subsequent habeas challenge and applies to § 2255 motions as well as § 2254 petitions); 28 U.S.C. § 2241 (under which a petition for habeas corpus relief must be brought in the district in which the petitioner is imprisoned); and the saving clause provision in 28 U.S.C. § 2255(e) (pursuant to which habeas relief has only infrequently been granted in this circuit).[11] These uncertainties compel the undersigned to observe that if this court (and not the Georgia district court) is deemed to have jurisdiction under § 2255 to consider Rainer's claim regarding his term of supervised release, the undersigned would find, alternatively, that Rainer is entitled to relief on this claim and that, accordingly, his sentence should be amended to reduce his term of supervised release to three years.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

(1) Rainer's claim attacking the integrity of the district court proceedings on his first § 2255 motion (Civil Action No. 2:11cv414-MEF), which constitutes a claim for relief under

---

[11] *See McCarthan v. Director of Goodwill Industries-Suncoast, Inc.*, No. 12-14989, at *4 (11th Cir. Mar. 14, 2017) (en banc).

Fed.R.Civ.P. 60(b) should be DENIED because Rainer makes no showing of extraordinary circumstances sufficient to justify reopening the judgment on his first § 2255 motion.

(2) To the extent Rainer challenges the term of supervised release for his 120-month sentence under 28 U.S.C. § 2255, this case should be TRANSFERRED to the United States District Court for the Northern District of Georgia under 28 U.S.C. § 1631 for consideration and ruling on Rainer's claim regarding his supervised-release term.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before April 27, 2017. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).

DONE, on this the 13th day of April, 2017.

                                              /s/ Susan Russ Walker
                                              Susan Russ Walker
                                              United States Magistrate Judge